**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

MARCO ANTONIO MARTINEZ MANZANERA,

Petitioner,

v.

WARDEN DESERT VIEW ANNEX,

Respondents.

Case No. 5:26-cv-04945-JAK-MBKx

ORDER ACCEPTING IN PART FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. The undersigned has also independently reviewed Respondents' objections. The findings and recommendations of the Magistrate Judge are accepted in part, as follows:

The findings and recommendations of the Magistrate Judge that the IJ abused its discretion by finding Petitioner a danger by clear and convincing evidence (*see* Dkt. 11 at 13–14) are adopted. The findings and recommendations

that the IJ abused its discretion in finding the government met its burden to establish by clear and convincing evidence that Petitioner posed a substantial flight risk justifying detention (*see id.* at 14–15), are adopted in part.

The clear and convincing evidence standard requires "an abiding conviction that the truth of [the] factual contentions at issue is highly probable." *Mondaca-Vega v. Lynch*, 808 F.3d 413, 422 (9th Cir. 2015) (en banc) (citation modified). This is an "intermediate burden of proof that is more than a preponderance of the evidence but less than proof beyond a reasonable doubt." *Rodriguez v. Robbins*, 804 F.3d 1060, 1087 (9th Cir. 2015), *rev'd sub nom. Jennings v. Rodriguez*, 583 U.S. 281 (2018); *see also* 9th Cir. Model Civil Jury Instruction 1.7 (2025) (clear and convincing evidence is "evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions . . . are true"); *United States v. Patriarca*, 948 F.2d 789, 792 (1st Cir. 1991) (clear and convincing evidence must be demonstrated in fact, not "in theory").

As noted in the Report and Recommendation, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence" because "review is limited to whether the IJ's decision reflects clear legal error or is unsupported by sufficient evidence." *Quan v. Barr*, No. 20-CV-8118, 2021 WL 308610, at *4 (N.D. Cal. 2021) (citation modified); *see also Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). Applying that deferential standard of review, the evidence before the IJ was not legally sufficient to establish -- with the "abiding conviction" required by the clear and convincing evidence standard, *Mondaca-Vega*, 808 F.3d at 422 -- that Petitioner was a "poor bail risk" or "likely to abscond" such that no amount of bond could guarantee his appearance. *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2008).

As noted in the Report and Recommendation, "the IJ cited Petitioner's removal order and speculative claims to relief" to support its finding that Petitioner

poses a substantial flight risk. Dkt. 11 at 14 (citing Dkt. 9 at 20:15). Under *Singh*, the fact that a noncitizen is subject to a final order of removal without any path to lawful status, and therefore, may have a "diminish[ed]" incentive to "appear for further removal proceedings . . . alone does not constitute clear and convincing evidence." *Singh v. Holder*, 638 F.3d 1196, 12025 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (plurality opinion). Unlike in *Singh*, Petitioner's appeal to the Board of Immigration Appeals remains pending (*see* Dkt. 1 at 3), so he may have a path to lawful status and a stronger incentive to appear for future proceedings than that of Singh. As such, "Petitioner's removal order and speculative claims to relief" (*see* Dkt. 11 at 14) are insufficient as a matter of law to establish by clear and convincing evidence that Petitioner poses a flight risk justifying denial of bond. Considering the insufficiency of this evidence and the countervailing evidence referenced in the Report and Recommendation (*see id.* at 15), no reasonable jurist could review the record in light of the *Guerra* factors and conclude, with the required "abiding conviction," that Petitioner posed such a substantial risk of flight that his detention was required to guarantee his appearance at removal proceedings.

Finally, the findings and recommendations of the Magistrate Judge that Petitioner be released are adopted. Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). As such, the Court exercises that discretion to order Petitioner's release. *See Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1081–82 (W.D. Wash. 2026) (ordering immediate release when the IJ abused his discretion in denying the petitioner's bond request at a bond hearing).

**IT IS ORDERED** that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Marco Antonio Martinez Manzanera's (A# 221-462-322) immediate release and prohibiting Respondents from re-

detaining him without first providing notice and a hearing where the Government must show material changed circumstances justifying Petitioner's detention; and (3) Respondents are required to file a status report no later than three (3) days from the date of this Order confirming that Petitioner has been released from Respondents' custody consistent with this Order.

Dated: October 6, 2026

John A. Kronstadt
United States District Judge